UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMON PERALTA, individually
and on behalf of a class,

        Plaintiff,                       Case No. 1:07-cv-1270

v.                                        HON. JANET T. NEFF

ACCEPT ACCEPTANCE, LLC,

        Defendant.
_____/

## OPINION

Pending before the Court is Defendant Asset Acceptance, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt 40). Plaintiff has filed a Response (Dkt 42), and defendant has filed a Reply (Dkt 46). Both parties thereafter addressed supplemental authority in additional briefing (Dkts 50, 51). Pursuant to W.D. Mich. LCivR 7.2(d), the motion is decided without oral argument. For the reasons that follow, the motion is granted in part and denied in part.

I. Procedural Background

On December 19, 2007, plaintiff filed a complaint in this action alleging a claim against defendant under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. (Pl's. Compl. ¶ 1). Plaintiff's complaint alleged that defendant violated the FDCPA by filing a time-barred collection action against plaintiff in state court, which was unconscionable and unfair, in violation of § 1692f, and was a false and deceptive representation made in collection of a debt, in violation of § 1692e (Pl's. Compl. ¶¶ 9-11).

On June 5, 2009, plaintiff was granted leave to file an amended complaint in this case, including class action claims, against defendant. Plaintiff's Amended Complaint re-alleged his previous claim (Am. Compl., Count 4) and added three new claims of violations of the FDCPA (Counts 1-3). Defendant now moves to dismiss the newly added claims, Counts 1 through 3 of plaintiff's Amended Complaint under FED. R. CIV. P. 12(b)(6) on the grounds that the new claims are time-barred by the FDCPA one-year statute of limitations.

## II.  Issues

The questions presented for decision are (1) whether the claims alleged in Counts 1 through 3 relate back to the date of the filing of the original complaint pursuant to FED. R. CIV. P. 15(c)(1)(B), and if not, (2) whether the doctrine of equitable tolling may be applied to toll the limitations period on the basis that defendant's alleged deceptive practices were concealed from consumers and state court judges.

## III.  Discussion

Defendant has moved for dismissal of Counts 1 through 3 of plaintiff's Amended Complaint on the grounds that these claims are barred by the one-year statute of limitations under the FDCPA and the claims do not relate back to the date of the filing of the original complaint. Plaintiff does not dispute that the one-year limitations period under the FDCPA applies to the claims at issue. Plaintiff contends, however, that the new claims relate back to his original complaint because they arise out of the same conduct, transaction or occurrence as the claim set out in the original complaint, FED. R. CIV. P. 15(c)(1)(B).

The Court concludes that plaintiff's class action claims in his amended complaint, Counts 1 and 2, do not arise out of the same conduct, transaction or occurrence as the claim set out in the

2

original complaint, and therefore do not relate back to the date of filing of plaintiff's original complaint. The Court finds no basis for equitably tolling the statute of limitations with regard to these claims. Plaintiff's newly added class action claims are therefore time-barred to the extent that they do not fall within the one year statute of limitations, i.e., within one year of the date of the proposed Amended Complaint alleging these claims.

With regard to plaintiff's newly added individual claim, Count 3, the Court concludes that the claim does arise out of the same conduct, transaction or occurrence as the claim he set out in his original complaint based on the debt collection action against him. Plaintiff's newly added individual claim therefore relates back to the date of filing of plaintiff's original complaint and is not time-barred.

*A. Relation Back*

The relation back of claims added in an amended complaint is governed by FED. R. CIV. P. 15. Rule 15(c)(1)(B) provides in relevant part:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> * * *
>
> the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . .

The Sixth Circuit Court of Appeals has explained the rationale and parameters of relation back as follows:

> Rule 15(c)(2)[1] is "based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later

---

[1] Rule 15 has been amended and renumbered; the relation back of claims was previously addressed by Rule 15(c)(2).

3

>assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence." *Brown v. Shaner,* 172 F.3d 927, 932 (6th Cir. 1997). Rule 15(c)(2) does not define the scope of the terms "conduct, transaction, or occurrence." When applying this standard to the facts of a given case, the Court gives content to those terms not by generic or ideal notions of what constitutes a "conduct, transaction, or occurrence," but instead by asking whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading. *See Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 573 (7th Cir. 2006) ("The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one."). The Rule also must be interpreted in light of the "fundamental tenor of the Rules," which "is one of liberality rather than technicality." *Miller* [*v. Am. Heavy Lift Shipping*], 231 F.3d 242, 248 (6th Cir. 2000).

*United States ex rel. Bledsoe v. Comty. Health Sys., Inc.,* 501 F.3d 493, 516 (6th Cir. 2007).

Plaintiff's original complaint, filed on December 19, 2007, alleged that defendant violated the FDCPA by filing a time-barred debt collection action against plaintiff in state court, which was unconscionable and unfair, in violation of § 1692f, and was a false and deceptive representation made in collection of a debt, in violation of § 1692e. In support of these allegations, plaintiff's three-page Complaint stated that (1) on or about January 8, 2007, defendant filed a lawsuit against plaintiff in the 61st District Court of Michigan as documented by the attached summons and complaint (Exhibit 1); (2) as indicated in Exhibit 1, defendant attempted to collect an alleged debt initially owed to Chevy Chase Bank; the debt was a "debt" within the meaning of the FDCPA; and (3) at the time that defendant filed its lawsuit, the applicable statute of limitations had expired and defendant had no reason to believe that the statute had been tolled (Pl's. Compl. ¶¶ 6-9).

In his ten-page Amended Complaint, plaintiff expands his allegations to include class action claims based on defendant's alleged deceptive conduct in filing state court collection lawsuits. Plaintiff's new claims are based on allegations that defendant's in-house legal department's

systematic practice of filing a form exhibit attached to state court collection lawsuits constitutes a fraud (Am. Compl. ¶ 2). Plaintiff alleges that "the document is never sent to the consumer prior to being served with the summons and complaint, is mocked up to look like a document that is sent to the consumer, and is used by [defendant] to create the illusion of an account stated in order to avoid paying additional money to obtain the contract purportedly entered into between the consumer and his or her original creditor" (*id.*).

Plaintiff's Amended Complaint goes on to detail defendant's alleged fraudulent conduct in numerous lawsuits filed in the 61st District Court of Michigan. Plaintiff alleges that the account form is used to perpetuate a fraud upon the state courts in Michigan (Am. Compl. ¶ 3). Plaintiff asserts that in each and every lawsuit filed by defendant from January 1, 2007 to February 5, 2008, where the consumer failed to appear and a default judgment was entered, defendant filed a "lost or destroyed document" affidavit regarding the contract needed to prove up the consumer's alleged debt, thereby leaving the account form as the sole "evidence" of the account stated (*id.*). Plaintiff's Amended Complaint separately sets forth specific facts relating to the class claims and his individual claims.

The Amended Complaint adds three new counts based on plaintiff's additional allegations. Count 1 states a class action claim for false representations or deceptive means to collect or attempt to collect a debt, §§ 1692e and 1692e(10) of the FDCPA, by filing and serving documents designed to falsely appear that the documents had been previously sent to consumers (Am. Compl. ¶¶ 34-36). Count 2 states a class action claim for the use of unfair or unconscionable means to collect or attempt to collect a debt, § 1692f of the FDCPA, by filing and serving documents designed to falsely appear that the documents had previously been sent to the consumers as part of an overall scheme

that included the filing of what are believed to be false lost document affidavits (Am. Compl. ¶¶ 37-39). Count 3 states an individual claim that mirrors the class allegation in Count 1.

Plaintiff contends that these new claims relate back to the original complaint because they arise out of the same conduct, transaction or occurrence as the claim set out in the original complaint, i.e., "Defendant's attempt to collect an alleged debt though [sic] the filing of the state court collection suit, which included as an exhibit the 'Account Statement' against [plaintiff]" (Pl's. Resp. 6). The Court is unpersuaded by plaintiff's broad characterization as it pertains to his newly added class claims. However, the Court agrees that plaintiff's newly added individual claim arises out of defendant's state court collection action alleged in his original complaint.

### *1. Relation Back of Newly Added Class Claims*

Applying the principles for the relation back of claims, the Court concludes that plaintiff's new class action claims cannot be said to relate back to plaintiff's narrow claim in his original complaint. Plaintiff's original complaint alleged that the debt collection action, based on the attached account form, which defendant filed against plaintiff in state court, was time-barred. His new class claims allege a widespread fraudulent debt collection scheme based on deceptive and false lost document affidavits. The new allegations asserted on behalf of numerous other Michigan debtors sued by defendant in state court, are far beyond the nature and scope of plaintiff's individual claim pertaining to the debt collection action filed against him. Plaintiff's new class claims are brought on behalf of all natural persons with a Michigan address where defendant filed a lawsuit against the person during the period December 19, 2006 to December 19, 2007, in which defendant attached the account form at issue, a putative class of more than 1,000 persons. It cannot be said that

the original complaint placed defendant on notice that it could be called to answer for the extensive class allegations in the amended pleading. *See Bledsoe,* 501 F.3d at 516.

While Rule 15(c)(1)(B) requires a liberal construction, the fundamental "criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Bledsoe,* 501 F.3d at 516 (quoting *Santamarina,* 466 F.3d at 573). In this case, the nature and scope of the fraud scheme alleged to involve more than 1000 persons cannot be considered an anticipated amplification of the original complaint's time-bar claim.

Plaintiff amended his complaint to incorporate new claims not only on his own behalf, but also on behalf of numerous additional individuals allegedly sued by defendant in state court collection actions in Michigan. The Sixth Circuit addressed similar circumstances in *Smith v. Nationwide Prop. & Cas. Ins. Co.,* 505 F.3d 401 (6th Cir. 2007), in which the plaintiff amended his individual complaint against his insurer, for loss-of-value after repair of his automobile, to incorporate class allegations by numerous other insureds for similar losses. In *Smith*, the court concluded, as recognized by other courts, that "'notice from the initial [individual] complaint . . . cannot serve as 'adequate' notice of claims on behalf of all plaintiffs who may someday fall within [sic] the class definition." *Id.* at 405-06 (quoting *Plummer v. Farmers Group, Inc.,* 388 F. Supp. 2d 1310, 1315 (E.D. Okla. 2005) (citation omitted). The *Smith* Court acknowledged that under some circumstances a defendant might be on notice of the potential for a class claim, such as where the original complaint alleges a violation of a single company-wide policy, but the court found such

circumstances distinguishable from the case before it. *Id.* at 406 n.3; *see Plummer,* 388 F. Supp 2d at 1316 (citing *Paskuly v. Marshall Field & Co.,* 646 F.2d 1210 (7th Cir. 1981)).

Likewise, here, the Court finds no basis for notice of the class claims based on plaintiff's individual complaint. Moreover, in this case, unlike in *Smith*, the original complaint contained none of the substantive claims added in the Amended Complaint. *See Smith,* 505 F.3d 406 (noting that Mr. Smith's Complaint and Amended Complaint were identical, except for the class-wide allegation of wrongdoing).

Despite the absence of any comparable factual or legal allegations in his original complaint, plaintiff nevertheless argues that defendant should be found to have had notice of the possible fraud claims. Plaintiff contends that defendant should have anticipated the fraud claims stemming from the account forms because plaintiff's account form was included with the state court summons and complaint attached to the original complaint in this case. Plaintiff also contends that defendant should have had notice that the fraud claims might be alleged because similar claims were alleged in two other class action complaints against defendant in Illinois. The Court finds these arguments unavailing. These mere circumstances, without more, do not provide a basis for the notice required under Rule 15(c)(1)(B) as to the claims in this particular complaint.

The rule governing the relation back of claims "relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix,* 545 U.S. 644, 659 (2005). "[A] claim with entirely different 'operative facts' will not relate back." *Miller,* 231 F.3d at 249 (quoting *Koon v. Lakeshore Contractors,* 128 F.R.D. 650, 653 (W.D. Mich. 1988). Here, the *operative* facts

8

in plaintiff's original individual complaint and the class action claims are entirely different. The claims therefore cannot be found to relate back to the original complaint.

### 2. *Relation Back of Plaintiff's New Individual Claim*

Application of the above principles to plaintiff's newly added individual claim in Count 3 of the amended complaint implicates far different considerations and premises from those discussed above with respect to the class claims. A much more straightforward connection exists between plaintiff's individual complaints. Both individual claims are based on defendant's debt collection action filed in state court, in which defendant filed a statement of plaintiff's account as documentation. Plaintiff's original complaint in this action was based on the state court action, and included the summons, complaint and statement of account. It is the statement of account that is the basis of plaintiff's new individual claim.

Count 3 of the Amended Complaint alleges:

> By filing and serving documents designed to falsely appear that the documents had previously been sent to the consumers, [defendant] used false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10) [of the FDCPA].

(Am. Compl. ¶ 49). In contrast to the class action claims, plaintiff's individual claim rests on the same common core of operative facts that were alleged in his original complaint. That is, that the debt collection action filed against plaintiff on the basis of the account stated violated the FDCPA. "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle,* 545 U.S. at 659. With respect to plaintiff's individual claims, both the original and the newly added claim are based on the same core of operative facts.

Under these circumstances, defendant should have been on notice of the potential for the amplification of the allegations in the original complaint, particularly since the account statement

9

form was included as documentation with plaintiff's original federal court complaint. *See Bledsoe,* 501 F.3d at 516 (citing *Santamarina,* 466 F.3d at 573 (relation back is proper if "the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one")).

That plaintiff's Amended Complaint adds a new theory does not negate the opportunity for relation back to the original complaint. Where the parties are the same, a court will permit a party to add a new legal theory that arises out of the same transaction or occurrence. *Miller,* 231 F.3d at 248. Accordingly, Count 3 of plaintiff's Amended Complaint is not subject to dismissal on the basis that it does not relate back to the date of the original complaint and is therefore time barred.

*B. Equitable Tolling*

To the extent that the Court has determined that plaintiff's claims do not relate back to his original complaint, plaintiff argues, in the alternative, that equitable tolling should be applied to the claims because defendant's practices were concealed not only from consumers, but also from state court judges. Given the Court's above determinations, equitable tolling need only be considered with regard to plaintiff's class claims. Regardless, the Court finds this alternative relief unwarranted.

The parties dispute whether equitable tolling may be applied in an action under the FDCPA. *See Egerer v. Woodland Realty, Inc.,* Case No. 08-1173, 2009 U.S. App. LEXIS 2723 at *10 n.8, (6th Cir. February 12, 2009) (noting that "limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute"). It does not appear that the Sixth Circuit has addressed this issue, and thus, it remains an open question.

The Court does not find plaintiff's supplemental authority to the contrary.  Plaintiff cites *Griffin v. Reznick,* Case No. 1:08-cv-50, 2008 U.S. Dist. LEXIS 97580 (W.D. Mich. December 2, 2008), as authority recognizing that equitable tolling applies to actions under the FDCPA.  However, *Griffin* states that the plaintiffs *did not contend* that equitable tolling should be applied and, therefore, the court had no obligation to raise the issue *sua sponte*.  *Id.* at *29-30.  Absent any substantive discussion or application of tolling, the court's remarks cannot be considered a definitive statement on the propriety of applying equitable tolling to a FDCPA claim.

Even assuming for purposes of argument that equitable tolling may apply, the Court finds no basis for its application on the grounds advanced by plaintiff.  The Sixth Circuit has identified five factors to determine whether equitable tolling of a limitations period is appropriate: 1) lack of actual notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) a plaintiff's reasonableness in remaining ignorant of the particular legal requirement.  *Egerer,* 2009 U.S. App. LEXIS 2723 at *12 n.11; *Bledsoe,* 501 F.3d at 519.  "In order to establish equitable tolling by the doctrine of fraudulent concealment, the plaintiffs must allege and establish that: 1) defendants concealed the conduct that constitutes the cause of action; 2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitations period; and 3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action."  *Egerer,* 2009 U.S. App. LEXIS 2723 at *12-13.

Plaintiff offers no reasoned argument for the application of equitable tolling based on the above considerations.  Plaintiff's mere allegations of deceptive practices in defendant's debt collection practices do not implicate subterfuge with respect to the discovery of plaintiff's claim.

11

Plaintiff has not shown that he is entitled to equitable tolling of the FDCPA's one-year limitations period.

## C.  Preservation of Certain Class Claims

Plaintiff also argues in the alternative that if the Court determines that the class claims do not relate back to the original complaint, plaintiff is nonetheless entitled to assert a class action as to those persons with respect to whom the state court documents were filed within one year of the date of plaintiff's Motion to Amend the Complaint, May 14, 2008 (Pl's. Resp. 15, 18).  Plaintiff therefore contends that the putative class members' claims that arose between May 14, 2007 and December 17, 2007 are not time barred because the filing of the proposed Amended Complaint on May 14, 2008 preserved their claims.

Defendant does not address plaintiff's alternative argument that certain class members' claims are preserved.  Because these particular class claims are not time-barred, plaintiff is entitled to assert a class claim with respect to those claims that fall within one year of the date of the proposed Amended Complaint, May 14, 2008.

## IV.  Conclusion

For the reasons stated above, Defendant Asset Acceptance, LLC's Motion to Dismiss Counts 1 through 3 of Plaintiff's First Amended Complaint (Dkt 40) is granted in part and denied in part. Plaintiff's class action claims in Counts 1 and 2 of his Amended Complaint do not relate back to his original complaint.  Plaintiff's newly added class claims are therefore time-barred to the extent that they do not fall within the one-year statute of limitations, i.e., within one year of the date of the proposed Amended Complaint alleging these claims.  The Court finds no basis for equitably tolling the limitations period with regard to these claims.  Accordingly, defendant's motion for dismissal

is granted only with respect to the claims that are time barred and is otherwise denied.

With regard to plaintiff's newly added individual claim, Count 3, the Court concludes that the claim arises out of the same conduct, transaction or occurrence as the claim he set out in his original complaint, which was based on the state court debt collection action defendant filed against plaintiff. This newly added individual claim therefore relates back to the date of filing of plaintiff's original complaint and is not time-barred. Defendant's motion to dismiss Count 3 is therefore denied.

An Order consistent with this Opinion will be entered.


DATED: March 10, 2009              /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMON PERALTA, individually
and on behalf of a class,

       Plaintiff,                            Case No. 1:07-cv-1270

v.                                                HON. JANET T. NEFF

ACCEPT ACCEPTANCE, LLC,

       Defendant.
_____/

## ORDER

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that Defendant Asset Acceptance, LLC's Motion to Dismiss Counts 1 through 3 of Plaintiff's First Amended Complaint (Dkt 40) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that plaintiff's class action claims in Counts 1 and 2 of his Amended Complaint are DISMISSED to the extent that they fall outside the one-year limitations period of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.

**IT IS FURTHER ORDERED** plaintiff's individual claim in Count 3 of his Amended Complaint relates back to his original complaint, pursuant to FED. R. CIV. P. 15(c)(1)(B), and is therefore not subject to dismissal pursuant to the FDCPA one-year statute of limitations.

**IT IS FURTHER ORDERED** that the stay of discovery is no longer in effect. The previously scheduled final pretrial conference and trial are cancelled; an order shall issue setting a scheduling conference.


DATED: March 10, 2009                    /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge